**NATIONAL FORGE & ORDNANCE COMPANY**

v.

**UNITED STATES.**

No. 132–56.

United States Court of Claims.

March 5, 1958.

Scott P. Crampton, Washington, D. C., for plaintiff. D. F. Prince and Dwight Taylor, Washington, D. C., were on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was Asst. Atty. Gen., Charles K. Rice, for defendant. James P. Garland was on the brief.

861

PER CURIAM.

On May 8, 1957, ct.cl., 151 F.Supp. 937, the court held that plaintiff was entitled to recover and directed that the amount of the recovery would be determined pursuant to Rule 38(c), 28 U.S.C.A. Pursuant thereto the parties entered into a stipulation, in paragraph 4 of which it is stated:

"4. The only controversy between the parties hereto in regard to the judgment to be entered under Rule 38(c) is whether the aforesaid items [as set out in paragraph 2] totalling $74,016.68 are to be included in net income in determining the 1944 excess profits tax properly accruable as a deduction under Section 122(d)(6). Plaintiff contends that this $74,016.68 is a proper accrual and defendant contends that it is not."

The items in controversy, as set out in paragraph 2, are:

"Additions to net income:
Provision for contingency .. $31,500.00
Depreciation .............. 32,003.72
Repairs capitalized ........ 12,127.00
Federal capital stock tax ... 2,291.67

$77,922.39
Additional deduction:
Stock loss ................. $ 3,905.71

Net ..................... $74,016.68"

Plaintiff in its brief says:

" * * * The items totalling $74,016.68 were generally accrued on the return but in incorrect amounts. The net income accordingly was not properly determined and was therefore corrected by the revenue agent."

There can be no question but that these items accrued in the taxable year. The plaintiff thought the correct amount of the accruals was a certain sum, but the Revenue Agent determined a different amount to be correct. The plaintiff did not contest the Revenue Agent's findings. In the absence of any contest, the amount of the accruals was as found by the Revenue Agent and as later approved by the Commissioner of Internal Revenue. This is in accordance with an old ruling of the Bureau of Internal Revenue, which has never been revoked or overruled, I. T. 2500, VIII—2 Cum.Bull. 103. This reads:

"It has been the consistent position of the Bureau that income taxes, whether original or additional, accrue in the year in which the income upon which they are based is earned. If the tax shown by a taxpayer to be due in an original return is subsequently found to be incorrect, the tax properly accruable has always been regarded as the amount which should have been shown to be due, with all the proper corrections made in the taxpayer's return."

Of course had plaintiff contested the proper amount of these items they would not have accrued until the contest was settled, but, in the absence of a contest, they accrued in the year for which the return was made, and in the amounts as determined by the Commissioner of Internal Revenue, to which amounts the taxpayer entered no protest.

Judgment will be entered in favor of plaintiff for $563,195.08, together with interest as provided by law on $5,713.-76 thereof from November 25, 1946; on $501,112.84 thereof from December 12, 1946; and on $56,368.48 thereof from September 17, 1952.

It is so ordered.